IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KIMBRO, | 1:11-cv-00957-GBC (PC) |
|     Plaintiff, | |
| v. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND DENYING REQUEST FOR INJUNCTIVE RELIEF |
| CHEN, et al., | |
|     Defendants. | (ECF No. 3) |
| _____/ | |

**ORDER**

**I.    MOTION TO APPOINT COUNSEL**

On June 13, 2011, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In

determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.

Therefore, Plaintiff's motion for the appointment of counsel is DENIED, without prejudice.

## II.     REQUEST FOR INJUNCTIVE RELIEF

Also contained in Plaintiff's Motion is a request for injunctive relief. Plaintiff states that he is ill and not being treated.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 129 S.Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 129 S.Ct. at 374). The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n. 12 (1987). However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff demonstrates serious

questions going to the merits and the balance of hardships tips sharply in plaintiff's favor. <u>Alliance for the Wild Rockies v. Cottrell</u>, 622 F.3d 1045, 1052-53 (9th Cir. 2010).

In cases brought by prisoners involving conditions of confinement, the Prison Relief Reform Act (PLRA) requires that any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." <u>Committee of Central American Refugees v. I.N.S.</u>, 795 F.2d 1434, 1441 (9th Cir. 1986) (quoting <u>Martin v. International Olympic Committee</u>, 740 F.2d 670, 675 (9th Cir. 1984)).

The Court finds that Plaintiff has not established that he is likely to succeed on the merits in this case. In his Motion, he does not refer to his complaint or statement of facts at all. He makes one statement that he is sick and needs to be treated and in no way connects it to his action. Plaintiff has also failed to show that he is likely to suffer irreparable harm in the absence of an injunction. He does not state that he is suffering any harm or is likely to suffer harm. Finally, Plaintiff does not address the balance of equities or the public interest, both of which are prerequisites to the issuance of injunctive relief. Overall, the Court finds that Plaintiff has failed to meet his burden with respect to the issuance of injunctive relief.

The Court recognizes that Plaintiff's Complaint, which is yet to be screened, requests similar injunctive relief. In the event the Court finds that the Complaint states a cognizable claim, the Court will revisit Plaintiff's request for injunctive relief outlined in the Complaint.

Therefore, Plaintiff's request for injunctive relief is DENIED, without prejudice.

//
///

### III. CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY ORDERS that:

1. Plaintiff's Motion for Appointment of Counsel is DENIED without prejudice; and

2. Plaintiff's request for injunctive relief is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   June 16, 2011

UNITED STATES MAGISTRATE JUDGE