# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KIMBRO, | CASE NO. 1:11-cv-00957-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| CHEN, et al., | Doc. 1 |
| Defendants. | THIRTY-DAY DEADLINE |

**Screening Order**

**I. Procedural History, Screening Requirement, and Standard**

On June 13, 2011, Plaintiff Richard Kimbro ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging failure to provide morphine, methadone, and treat his kidney stone condition from 2005 through 2011. Compl. at 7 of Part 1 & 53, 70-71, 79 of Part 2 of Complaint, Doc. 1. Plaintiff names forty-seven (47) Defendants, who were employed by the Appeals Branch of California Department of Corrections ("CDCR"); Kern Valley State Prison ("KVSP"); Salinas Valley State Prison ("SVSP"); Mule Creek State Prison ("MCSP"); High Desert State Prison ("HDSP"); and Corcoran Substance Abuse and Treatment Facility ("CSATF"). *See id.* at 1-3.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 129 S. Ct. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Allegations in Plaintiff's Complaint

In Plaintiff's complaint, he names Dr. Chen; N. Grannis, Chief Inmate Appeals Branch; T. Brewer, Chief Executive Appeals Officer; D. D. Ortiz, Associate Warden, Health Care Operations; L. Zamora, Chief Appeals; M.D. Biter, Warden; Dr. John Doe; and Dr. N. Patel. Compl. at 1, 3, 23 of Part 1 & 79 of Part 2 of Complaint, Doc. 1. Dr. Chen, D. D. Ortiz, and M.D. Biter were employed at KVSP and Dr. John Doe was employed at CSATF. *Id.* The remainder of the forty-seven (47) defendants were employed or related to claims arising at other prisons, namely SVSP, MCSP, and HDSP. *Id.* at 1-3.

On September 20, 2009, Plaintiff was transferred to CSATF and continued on pain management therapy. *Id.* at 17. On December 21, 2009, during a ten minute exam, Dr. John Doe would not take a urine sample or treat infection, causing Plaintiff to go to the hospital. *Id.* at 23, 28. Dr. John Doe stated that Plaintiff claims he is not adequately controlled on Tylenol and wants morphine. *Id.* at 53, Part 2 of Complaint. Dr. John Doe declined to order morphine. *Id.* On December 25, 2009, Plaintiff had an infection in his urinary tract. *Id.* at 17, Part 1 of Complaint. Following the infection, Plaintiff was placed on a treatment plan at CSATF to include pain management and urine checks. *Id.*

On July 20, 2010, Plaintiff was transferred from CSATF to KVSP. *Id.* at 5, 17. Plaintiff's medications were discontinued without being seen. *Id.* at 5. Weeks later, Dr. Chen denied all pain management medications, refused recommendations from specialist regarding surgical issues, refused to renew mobility, denied batteries for his hearing aid, and denied renewal of his ADA hearing impaired. *Id.* He was refused urine testing for several months even though he has a documented history of kidney stones. *Id.* at 6. Dr. Chen refused to consider prior specialist recommendations. *Id.* Dr. Chen told him to drink large amounts of water, but the water has documented high levels of arsenic. *Id.* Dr. Chen told him that if he did not drink the water, he would experience kidney pain. *Id.* Plaintiff has developed a cyst on his liver and a severe skin rash covering his body, which are symptoms of arsenic poisoning. *Id.* As a result of the pain and skin rash, Plaintiff was on suicide watch in January and March 2011. *Id.* As a result of the pain and anger issues between Dr. Chen and Plaintiff, he was transferred to a different yard and placed under the care of

1  Dr. J. Sanchez. *Id.* Dr. Sanchez renewed Plaintiff's ADA status and ordered a new knee brace that
2  Dr. Chen had refused to provide him for over three months. *Id.* Plaintiff's 602 inmate appeal time
3  restraints were violated, Plaintiff had to involve the warden and internal affairs. *Id.* at 7. Plaintiff's
4  specialist recommendations were refused because Dr. Sanchez said Dr. Chen was his superior and
5  he would not disagree with his opinion. *Id.*

6        On November 29, 2010, D. D. Ortiz, Associate Warden, Health Care Operations, issued a
7  memorandum stating Plaintiff's appeal at KVSP was still pending. *Id.* at 79, Part 2 of Complaint.
8  On January 27, 2011, T. Brewer, Chief Executive Officer for KVSP, issued a second level response
9  to Plaintiff's appeal. *Id.* at 70-71. Plaintiff was interviewed about his appeal by Dr. Patel, and on
10 September 8, 2010 and September 22, 2010, Plaintiff was seen by the urologist who did not feel that
11 methadone was required. *Id.* at 70. The doctor noted there were no active symptoms of kidney
12 stones. *Id.* On November 4, 2010, Plaintiff was seen and the doctor noted no manifestation of kidney
13 stone attacks. *Id.* at 71. Plaintiff requested methadone on numerous times. *Id.* On December 1, 2010,
14 Plaintiff had a CT Scan of the abdomen and pelvis. *Id.* On March 24, 2011, L. Zamora, Chief, Office
15 of Third Level Appeals, screened out Plaintiff's appeal for time constraints. *Id.* at 72.

16       As of May 30, 2011, Plaintiff still has no treatment for his chronic issues or his skin rash. *Id.*
17 at 7, Part 1 of Complaint. Plaintiff cannot sit or stand for more than fifteen minutes and he has not
18 received the knee brace. *Id.* He has kidney stone issues and blood off an on in his urine. *Id.* He is
19 being accused of drug seeking behavior when he requests to be returned to a specialist for pain
20 management. *Id.* at 23.

21       Plaintiff also attaches exhibits and chronologizes allegations from 2005 through 2009 at other
22 prisons, namely SVSP, MCSP, and HDSP. *Id.* at 7-28, 30-100 of Part 1 & 1-52 of Part 2 of
23 Complaint.

24       For relief, Plaintiff seeks proper medical attention; damages of $1,500,000 and $25,000 from
25 each defendant; and to be found innocent or guilty for assault on staff. *Id.* at 5.

26 //
27 //
28 //

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. Rule 20(a) and Venue

Having examined Plaintiff's claims, the Court finds that Plaintiff's complaint is in violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 20(a)(2), persons may be joined as defendants in one action if the right asserted against them arises from the same transaction or occurrence, and any questions of law or fact common to all defendants will arise in the action. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding unrelated claims against different defendants belong in different suits).

Here, Plaintiff's claims against defendants and allegations from other prisons, namely SVSP, MCSP, and HDSP, arise from different unrelated occurrences, as the alleged violations all occurred at prisons not within the Fresno division of the Eastern District of California. SVSP is in the Northern District of California, and MCSP and HDSP are in the Sacramento division of the Eastern District of California, and venue is appropriate there. Accordingly, the Court will dismiss Plaintiff's claims against defendants arising from other prisons, namely SVSP, MCSP, and HDSP, without prejudice to filing a new, separate action.

#### B. Eighth Amendment Deliberate Indifference to Serious Medical Need

##### 1. Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett*, 439 F.3d at 1096 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or

intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d at 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff may not seek to impose liability on defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

### 2. Analysis

Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff alleges Defendants were indifferent by failing to provide him with treatment for kidney stones. *Id.* at 6, Part 1 of Complaint, Doc. 1. However, Plaintiff's complaint demonstrates that Defendants were not indifferent to Plaintiff's complaints but evaluated Plaintiff and treated him according to medical necessity. On September 8, 2010 and September 22, 2010, Plaintiff was seen by the urologist who did not feel that methadone was required. *Id.* at 70, Part 2 of Complaint. The doctor noted there were no active

symptoms of kidney stones. *Id.* On November 4, 2010, Plaintiff was seen and the doctor noted no manifestation of kidney stone attacks. *Id.* at 71. Plaintiff requested methadone on numerous times. *Id.* On December 1, 2010, Plaintiff had a CT Scan of the abdomen and pelvis. *Id.* Plaintiff contends that he needs stronger pain medication such as morphine or methadone rather than Tylenol, but Plaintiff's medical records establish that Plaintiff does not currently have active kidney stones or any other serious condition warranting narcotic drugs. *Id.* at 70, Part 2 of Complaint. Plaintiff states Dr. Chen is ignoring the recommendations of the specialist. *Id.* at 5, Part 1 of Complaint. However, Plaintiff does not state when he saw a specialist, who the specialist was, and if the recommendations by the specialist concern his current medical condition. *Id.* Plaintiff also contends that Dr. Chen told him to drink water, but Plaintiff disagrees with Dr. Chen and does not want to drink water because of the high levels of arsenic. *Id.* at 6.

Plaintiff states he has not received his knee brace, but Plaintiff does not allege knee pain. *Id.* at 7, Part 1 of Complaint. Moreover, Plaintiff states that Defendants did order him a knee brace. *Id.* Plaintiff contends that Dr. Chen failed to provide him his ADA hearing impairment, but Plaintiff alleges he was transferred and Dr. Sanchez renewed his ADA status. *Id.* Finally, Plaintiff contends that during a ten minute exam, Dr. John Doe would not take a urine sample or treat infection, causing Plaintiff to go to the hospital. *Id.* at 23, 28. However, the medical notes indicate that Dr. John Doe stated that Plaintiff claimed that his pain was not adequately controlled by Tylenol; that he wanted morphine; and that Dr. John Doe declined to order morphine. *Id.* at 53, Part 2 of Complaint. Plaintiff fails to state a claim of deliberate indifference against Dr. John Doe.

Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). To establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that a physician or other health care provider exercising ordinary skill and care at the time of observation

would conclude with reasonable medical certainty that: (1) the prisoner's symptoms evidenced a serious disease or injury; (2) the disease or injury was curable or could be substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." *Id.* at 48; *see also Sanchez*, 891 F.2d at 242. In addition, gross negligence is insufficient to establish deliberate indifference. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer*, 511 U.S. at 835-36 & n.4; *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Plaintiff alleges that defendants failed to provide him with morphine or methadone. However, Plaintiff is not permitted to dictate his medical treatment. *Bowring*, 551 F.2d at 47-48. <u>As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs</u>. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

Thus, even with liberal construction, Plaintiff's complaint does not allege deliberate indifference to a medical need because neither mere negligence or medical malpractice, nor a mere delay in medical care, <u>nor a difference of opinion over proper treatment</u>, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06 (emphasis added); *Sanchez*, 891 F.2d at 242; *Shapley*, 766 F.2d at 407. Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring*, 551 F.2d at 47-48. The complaint will be

dismissed for failure to state a claim upon which relief may be granted.

## C. Eighth Amendment Conditions of Confinement

Plaintiff alleges there is high levels of arsenic in the water at KVSP. Compl. at 6, Part 1 of Complaint, Doc. 1.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan*, 465 F.3d at 1045. But this is not a mandate for comfortable prisons. *Farmer*, 511 U.S. at 832. Indeed, prison conditions may be both restrictive and harsh without violating the Constitution. *Chapman*, 452 U.S. at 347. Within this construct, however, prison officials must provide food, clothing, shelter, sanitation, medical care, and personal safety. *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment when these two components are met: (1) the deprivation alleged must be objectively sufficiently serious; and (2) the prison official possesses a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991)). In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, courts consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation over an extended time are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. *Id.* at 732-33.

The exposure to toxic substances can support a claim under § 1983. *See Wallis v. Baldwin*, 70 F.3d 1074, 1076–77 (9th Cir. 1995) (exposure to asbestos). However, Plaintiff's speculative and conclusory allegations fail to state a claim that the elevated levels of arsenic in the water is sufficiently serious as to constitute a risk of harm to Plaintiff's health. Plaintiff has alleged that he has various adverse health conditions attributable to the exposure, but provided no facts that would enable the Court to conclude that this is anything more than unqualified speculation by an individual and not based on medical or other training or science. The complaint lacks specific factual allegations connecting each individual defendant to the conduct described. The allegations do not make clear what role each defendant played in the process and how each caused or failed to correct

the alleged harm and how they had the capacity to correct it.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon Eighth Amendment conditions of confinement.

### D. Violation of State Prison Rules and Regulations

Violations of state prison rules and regulations, without more, do not support any claims under section 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648 F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations regarding the inmate appeals process or prison disciplinary proceedings, for example, will not support a claim for denial of due process under federal law.

### E. Supervisory Liability and Linkage

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor*, 880 F.2d at 1045; *accord Starr*, 652 F.3d 1202, 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

Simply naming D. D. Ortiz, Associate Warden, Health Care Operations and M.D. Biter, Warden, as defendants is insufficient to hold them liable based on a position of authority as Plaintiff has not alleged any facts linking the defendant to acts or omissions, which suggest that the defendant participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 against D. D. Ortiz, Associate Warden, Health Care Operations and M.D. Biter, Warden, based upon supervisory liability.

**F. Inmate Appeals and Defendants Related to Inmate Appeals Process**

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under § 1983. *Buckley*, 997 F.2d at 495.

Plaintiff also seeks to impose liability under the Eighth Amendment on individuals related to the inmate appeals process including N. Grannis, Chief Inmate Appeals Branch; T. Brewer, Chief Executive Appeals Officer; D. D. Ortiz, Associate Warden, Health Care Operations; L. Zamora, Chief Appeals; M.D. Biter, Warden; and Dr. N. Patel. Compl. at 1, 3, 23 of Part 1 of Complaint & 79 of Part 2 of Complaint, Doc. 1. Generally, denying a prisoner's administrative appeal does not cause or contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The mere possibility of misconduct is insufficient to support a claim, *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969, and there is inadequate factual support for a claim that in denying his inmate appeals, defendants knew of and disregarded a substantial risk of harm to Plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Nevertheless, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006).

On November 29, 2010, D. D. Ortiz, Associate Warden, Health Care Operations, issued a memorandum stating Plaintiff's appeal at KVSP was still pending. *Id.* at 79, Part 2 of Complaint.

On January 27, 2011, T. Brewer, Chief Executive Officer for KVSP, issued a second level response to Plaintiff's appeal. *Id.* at 70-71. Plaintiff was interviewed about his appeal by Dr. Patel, and on September 8, 2010 and September 22, 2010, Plaintiff was seen by the urologist who did not feel that methadone was required. *Id.* at 70. The doctor noted there were no active symptoms of kidney stones. *Id.* On November 4, 2010, Plaintiff was seen and the doctor noted no manifestation of kidney stone attacks. *Id.* at 71. Plaintiff requested methadone on numerous times. *Id.* On December 1, 2010, Plaintiff had a CT Scan of the abdomen and pelvis. *Id.* On March 24, 2011, L. Zamora, Chief, Office of Third Level Appeals, screened out Plaintiff's appeal for time constraints. *Id.* at 72.

The complaint demonstrates that the defendants involved in the appeal process did not willfully turn a "blind eye" to constitutional violations but reviewed the entire record and found that Plaintiff received adequate medical treatment. *Jett*, 439 F.3d at 1098.

Plaintiff's claims against D. D. Ortiz, Associate Warden, Health Care Operations and M.D. Biter, Warden, are even further attenuated as they did not personally deny his appeals. A decision by a defendant's designee provides no basis for a claim as § 1983 does not permit *respondeat superior* liability. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons*, 609 F.3d at 1020-21; *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934.

Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process and individuals related to the inmate appeals process.

### G. Personal Participation and Doe Defendants

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Jones*, 297 F.3d at 934. The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, plaintiff must demonstrate that each defendant, through his or her own individual actions, violated plaintiff's constitutional rights. *Id.* at 1948–49.

Plaintiff fails to allege any facts personally linking the Dr. John Doe defendant to the alleged

1  rights violations. There is no evidence that this defendant personally participated in the events
2  alleged in Plaintiff's complaint, and a doe defendant cannot be held liable based solely upon a
3  supervisory position. Plaintiff cannot proceed against this doe defendant unless he alleges how each
4  personally violated, or knowingly directed a violation of his constitutional rights.

5  Moreover, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored."
6  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980).

### IV. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 129 S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (reference to original and first amended complaints was precluded by doctrine that an amended pleading supersedes the original pleading). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

//
//
//
//

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and

4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: July 12, 2012

_____
UNITED STATES MAGISTRATE JUDGE